IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARIO J. FLORES,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　Case No. 5:14-CV-3086-JTM

REX PRYOR, et al.,

    Respondents.

**MEMORANDUM AND ORDER**

The court previously screened this pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and entered a Memorandum and Order finding that petitioner Mario J. Flores failed to state a federal constitutional violation. Dkt. 4. The court also found that the petition appeared to be time barred, set forth tentative facts and the pertinent statutory provisions, and explained its application of those laws to the facts. Petitioner was ordered to show cause why this petition should not be dismissed for these reasons. He responded by filing a letter with attachments that were docketed as his Response (Dkt. 6). Having considered all the materials in the file, the court finds that petitioner has not shown good cause why this petition should not be dismissed as untimely.

**I.　　Procedural History and Background**

The following factual background is quoting from *Flores v. State*, 300 P.3d 115 (Kan. Ct. App. May 3, 2013), *rev. denied*, (Kan. Sept. 3, 2013).

> In September 2005, Flores pleaded guilty to rape. The court imposed an underlying prison sentence of 155 months and placed him on probation. He did not appeal. In October 2006, Flores was found in violation of the conditions of his probation by drinking alcohol at a bar. But the court reinstated his probation. In a hearing on September 17, 2009, Flores again admitted to violating the conditions of his probation by violating his curfew and consuming alcohol. The

court reinstated his probation and electronic monitoring, ordering him to pay the associated fee. In a later hearing, on October 2, 2009, Flores had yet to pay the fee for his electronic monitoring and he had again violated his curfew. The court advised Flores that he needed to comply with every condition of his probation and to prioritize paying off his fees.

About a month later, on October 30, 2009, the court held another revocation hearing. Flores had paid down the fees for his electronic monitoring, but he had once again violated his curfew. The court reminded Flores that this was the second time he was before the court for a revocation hearing and that he had a 155-month sentence hanging over his head. Afterwards, the court reinstated Flores' probation but extended it for 1 year, to ultimately terminate on March 15, 2011. The court told Flores that if he was perfectly compliant with the conditions of probation and the electronic monitoring through January 1, 2010, the court would consider modifying his termination date back to March 15, 2010. Prior to recessing, the judge warned Flores:

> You've got about four months here that I'm going to strictly review what you're doing. If it comes up to about the first part of March and you're totally complian[t] with your probation and you're not dingin' around on these violations here and there, then I think you would have an opportunity to have this matter resolved and termination at the time, but it's up to you. If you don't do that and you're not in compliance and you're back here on something else and you don't get matters paid and you don't prioritize your life to be in compliance with probation, you've got this long, long prison sentence hanging over your head. So I'm not going to plead with you any further. I mean, that's it. We're down to it. We're down to 13 years in prison after going through what you've gone through for over three years on probation. Now's the time to buckle down and get this thing done.

Flores again came before the court in a revocation proceeding on November 19, 2010. He stipulated to violating his probation by driving with a suspended license. As well, he had multiple violations of his electronic monitoring. The State recommended revoking his probation. And community corrections, who had been supervising Flores' probation, agreed. Flores' counsel requested that the court reinstate his probation and let him finish because his violations were relatively minor. In the alternative, counsel requested that the court modify Flores' underlying sentence downward. Flores was ordered to serve 120 months, which was a 35-month downward departure from his original sentence. Flores pleaded with the court to reinstate his probation, but his plea was denied. Flores did not appeal the revocation of his probation.

*Flores*, 300 P.3d at *1-4.

On July 29, 2011, Flores filed a motion pursuant to K.S.A. § 60-1507 alleging that his attorney during his probation revocation hearing was ineffective. The state district court conducted a preliminary hearing for Flores' motion on March 5, 2012. After hearing Flores' argument, the district court found that Flores' attorney was not ineffective and therefore denied the motion. Flores timely appealed. The Kansas Court of Appeals affirmed the trial court's decision. *Flores v. State*, 2013 Kan. LEXIS 879 (Kan. Ct. App. Aug. 29, 2013). A petition for review was denied by the Kansas Supreme Court on September 10, 2013.

On May 16, 2014, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. As the single ground for his federal petition, Petitioner claims that he was denied his "14th Amendment right to due process of law, which deprived [him] of liberty." Dkt. 1, at 5. In support of this claim, petitioner alleges that his appointed public defender "arrived 45 minutes after the time he was to be present to represent" petitioner at his revocation hearing and that the attorney "had just gotten [petitioner's] file and had not reviewed it," and "had only 5 minutes to discuss" the case with petitioner. Dkt. 1, at 5. The only relief petitioner requests is for this court to "order the Butler County District Court to hold an evidentiary hearing on [petitioner's] ineffective assistance of counsel motion." Dkt. 1, at 14.

On November 3, 2014, the court issued an Order to Show Cause requiring petitioner to show why his petition should not be dismissed as untimely or, in the alternative, for failure to state grounds for federal habeas corpus relief. Dkt. 4.[1]

---

[1] Petitioner was also given thirty (30) days in which to satisfy the requisite filing fee by either paying the fee of $5.00 or submitting a properly completed and supported motion for leave to proceed *in forma pauperis* with the appropriate financial affidavit on court-provided forms. Dkt. 4. Petitioner filed a Motion for Leave to Proceed *in forma pauperis* on December 3, 2014. Dkt. 5.

3

## II.     Petitioner's Response

In petitioner's Response, filed on December 3, 2014, he states that his appointed counsel "did not ask if [he] wanted him to appeal the judge[] decision of revoking my probation. I did not even know what appeal was, let alone know that a[] appeal was a[] option." Dkt. 6, at 2. It is petitioner's belief that his case became final, and therefore the statute of limitations began to run, on September 10, 2013, when the Kansas Supreme Court declined to hear his motion for post-conviction relief. Dkt. 6, at 3.

## III.    Discussion

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1): "A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The "limitation period shall run from" the "latest of" four dates, including "the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

As noted above, petitioner argues that the relevant statute of limitations period began to run on September 10, 2013, the date the Kansas Supreme Court declined to hear his motion for post-conviction relief. Dkt. 6, at 3. Petitioner, however, is mistaken.

Pursuant to the statute, the 1-year period of limitation begins to run from the latest of four dates, including, for purposes of this case, the date on which the time for seeking direct review

4

expires. Here, petitioner's probation was revoked on November 19, 2010.[2] By statute, petitioner therefore had ten (10) days, or until November 29, 2010, in which to file a notice of appeal. *See* K.S.A. § 22-3608(a) ("If sentence is imposed, the defendant may appeal from the judgment of the district court not later than 10 days after the expiration of the district court's power to modify the sentence."). Petitioner did not file an appeal. Therefore, for purposes of his § 2254 petition, the statute of limitations period began to run on November 30, 2010, and ran unimpeded for 241 days.

The running of limitations was statutorily tolled during the pendency of petitioner's § 60-1507 proceedings, from July 29, 2011, through the date the Kansas Supreme Court denied review, September 10, 2013. The statute of limitations began running again on September 11, 2013, but from day 242, not day 1, as petitioner would have this court believe, and ran uninterrupted until it expired on January 13, 2014. The instant federal petition, however, was not filed until more than four months later on May 29, 2014. Dkt. 1. Accordingly, absent additional tolling, the petition is time-barred.

Therefore, plaintiff's only option at this point, although he did not so request in his Response, is for this court to apply equitable tolling. The Supreme Court has affirmed that § 2254(d)'s limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Fla.*, 560 U.S. 631, 645 (2010). "But, in doing so, the Court has also affirmed that a habeas petitioner seeking equitable tolling must clear a high hurdle." *Hallcy v. Milyard*, 387 Fed. Appx. 858, 860 (10th Cir. 2010). A litigant seeking equitable tolling bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (citing

---

[2] Based on his petition, it is clear that petitioner is challenging the November 2010 revocation of his probation, not his 2005 conviction.

*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *accord Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) (equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). In the habeas context, equitable tolling has been limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 800 (10th Cir. 2000); *see also Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) ("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs."). For example, equitable tolling might be appropriate where "a prisoner is actually innocent . . . when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted).

As noted, petitioner makes absolutely no allegation or showing as to why equitable tolling should apply. Rather, he merely asserts that the statute of limitations period should not have started to run until after the Kansas Supreme Court denied review on his post-conviction relief claim. The fact that petitioner misunderstands the law is not grounds sufficient to grant equitable tolling. *See Marsh*, 223 F.3d at 1220 (it is well established that "ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing."). Petitioner has not raised any convincing reason as to why this court should depart from this well established rule. Therefore, petitioner has failed to show that equitable tolling should apply.

### IV.   Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a

...

final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy the standard by demonstrating that "the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings." *Kelley v. Pryor*, 2014 U.S. Dist. LEXIS 168229, at *16 (D. Kan. Dec. 3, 2014) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000)). In addition, when the court's ruling is based on procedural grounds, as it is here, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack*, 529 U.S. at 484).

The court concludes that a certificate of appealability should not issue in this case. Nothing suggests that the court's ruling in the dismissal of this action as time-barred is debatable or incorrect.

**IT IS THEREFORE ORDERED**, this 25th day of August, 2015, that petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Dkt. 1) is hereby dismissed as time-barred and that a certificate of appealability is denied.

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed *in forma pauperis* (Dkt. 5) and Motion for Evidentiary Hearing (Dkt. 8) are denied as moot.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE